

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wayne Lefeure
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-5595
Re: Can the Commissioners'
Court of Clay County
legally transfer the
money not needed in the
courthouse and jail fund
to the respective commis-
sioners' precinct and the
general fund of the county
under the provisions of
Article 1630, V. A. C. S.

Your letter of September 4, 1943, requesting
the opinion of this department on the above stated
question reads in part as follows:

"There has been in Clay County a Tax Rate
of .15 for the Courthouse and Jail Fund, this
Tax was not needed and was lowered to a rate
of .3. From the first Tax Rate the Commissioners'
Precincts and the General Fund have borrowed
moneys. And at this time there is no need for
the moneys on hand in the Courthouse and Jail
Fund and we respectfully request that you
make a ruling which will govern Article 1630
V.A.C.S. in other words may the commissioners'
court by proper order of the court transfer
the moneys not needed in the Courthouse and
Jail Fund to the respective commissioners
precincts and the general fund, thereby
cancelling the outstanding warrants which
were issued when the respective precincts
and general fund borrowed the above mentioned
money from the Courthouse and Jail Fund."

Article 1630, Vernon's Annotated Civil Statutes
provides:

Honorable Wayne Lefeure    page 2

"The Commissioners' Court by an order to that
effect may transfer the money in hand from one
fund to another, as it may deem necessary and
proper, except that the funds which belong to
the class first shall never be diverted from the
payment of the claims registered in class first,
unless there is an excess of such funds."

It is stated in Texas Jurisprudence Vol. 11,
page 609:

"The Constitution prescribes the maximum rate
of taxes for general purposes, for roads and bridges,
for juries, and for permanent improvements, respectively.
The moneys arising from taxes levied and collected for
each of the enumerated purposes are constitutional
funds; and the commissioners' court has no power to
transfer money from one fund to another, or to expend,
for one purpose, tax money raised ostensibly for
another purpose.

"The immediate purpose of the provision is to
limit the amount of taxes that may be raised for
these several purposes, respectively; but it is
also designed to inhibit the excessive expenditures
for any such purpose, and to require that any and
all moneys raised by taxation for any purpose
shall be applied to that particular purpose and to
no other. "

The Courthouse and Jail fund is the permanent
improvement fund, or at least, constitutes a portion
thereof, which is a constitutional fund.

Article 1630, V. A. C. S. does not authorize the
Commissioners' Court to transfer money from one constitu-
tional fund to another constitutional fund or any other
fund.

We quote from Texas Jurisprudence Vol.11, Page 611
as follows:

"No implied power to transfer money from one
to another constitutional fund is derived from
the fact that the original fund contains more
than enough to meet the current demand against
it. Such excess may be retained in that fund
applied in succeeding years to the purpose for
which it was raised, thereby possibly reducing
the future tax rate for that purpose.

Honorable Wayne Lefeure    page 3

"It seems to have been assumed in some cases that the transfer of money from one fund to another is invalid only in the event, of and to the extent, that the latter fund is increased beyond the Constitutional limit. But it is now settled that the circumstances that any particular levy of taxes for a specific fund was made at a rate less than the maximum rate permitted by the Constitution does not affect the situation. The maximum amount which may be expended for each class of purposes is determined by the amount actually and specifically raised therefor, not by the amount which legally might have been levied and raised. This does not, however, prevent the proper expenditure, for such purpose, of any unexpended balance in the corresponding fund brought over from previous years.

"Where the evidence shows that the Commissioners' Court has from time to time transferred moneys from one constitutional fund to another, and that a reasonable apprehension that the practice will continue exists, an injunction is properly granted. And a collection of a tax may be enjoined where the levy has been made with the intention of transferring the money to a different fund than that for which it has been levied.. . ." (Also see the cases of Carroll vs. Williams 202 S. W. 504; Commissioners' Court of Henderson County vs. Burke 262 S. W. 94 ).

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that the Commissioners' Court of Clay County has no legal authority to transfer money from the permanent improvement fund of the county to the respective commissioners' precincts or the general fund of the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

11, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

Approved

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN